**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**


**DIANNE M. WELCH**

**Plaintiff,**


**versus**                                                **Case No.:**


**CHASE BANK USA  N.A., PORTFOLIO RECOVERY**
**ASSOCIATES & TARGET NATIONAL BANK**

**Defendants.**
_____/


## COMPLAINT


1.      This is an action for actual damages, statutory damages, punitive damages, and legal fees and expenses filed by the Plaintiff for the Defendants' improper and illegal actions and conduct which are not in compliance with and, in fact, are in violation of the Fair Credit Reporting Act, (15 USC Section 1681), the Fair Credit Billing Act (15 USC Section 1666), the Fair Debt Collection Practices Act (15 USC Section 1692), the Discharge Injunction (11 USC Section 524), and the Florida Consumer Collections Practices Act (Chapter 559 of the Florida Statutes) and Florida UDAP

### JURISDICTION AND VENUE

2.      Jurisdiction is also conferred on this Court pursuant to Section 1681p of Title 15 of the United States Code, Section 1692k(d) of Title 15 of the United States Code; Section 1640 of Title 15 of the United States Code; and Section 1331 of Title 28 of the United States Code.

3.      This court has supplemental jurisdiction to hear all state law claims pursuant to Section 1367 of Title 28 of the United States Code.

4.      Venue lies in this District pursuant to Sections 1391(b) and 1409 of Title 28 of the United States Code.


### PARTIES

1

5.      The Plaintiff is a natural person residing in the City of Naples, County of Collier, State of Florida, and was also a debtor under the provisions of Chapter 7 of Title 11 of the United States Code Case Number 09:06-bk-06521-ALP.

6.      The Plaintiff is a "consumer" and "debtor" as those terms are defined under the applicable Federal and State statutes.

7.      The Defendant, Chase Bank USA N.A. (hereinafter referred to as "Chase"), is upon information and belief is a national association engaged in the business of consumer lending in Florida and elsewhere. Upon information and belief Chase Bank USA N.A. maintains a principal address at 200 White Clay Center Dr., Newark, DE 19711

8.      The Defendant, Portfolio Recovery Associates (hereinafter referred to as "PRA"), is upon information and belief, a foreign corporation engaged in the business of debt collection, with its principal office located at 120 Corporate Boulevard, Suite 100, Norfolk, Virginia, 23502.  PRA regularly collects debts in the State of Florida.

9.      The Defendant, Target National Bank, (hereinafter referred to as "Target"), is upon information and belief a national bank engaged in the business of consumer lending in Florida and elsewhere. Upon information and belief Target National Bank was f/k/a Retailers National Bank and maintains a principal office at 3901 W. 53rd St., Sioux Falls, South Dakota 57106.

## FACTUAL ALLEGATIONS

10.      Before the commencement of her Chapter 7 case, the Plaintiff incurred a credit card debt with Chase.

11.      Before the commencement of her Chapter 7 case, the Plaintiff incurred a credit card debt with Target.

12.      On or about November 17, 2006,  the Plaintiff sought protection from her creditors by filing a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Middle District of Florida.

13.      On or about November  24, 2006 a notice was forwarded to all creditors in the Debtor's Chapter 7 Case, 09:06-bk-06521-ALP, Docket #5, titled "Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines." (Exhibit A). Said Notice clearly states that Creditors May Not Take Certain Actions: "The filing of a bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized.

14.      A copy of the Notice of Meeting of Creditors, along with its Certificate of Service, is attached

hereto and incorporated herein as Exhibit A.

15.     A copy of this Notice was served upon all parties on the Court's approved mailing matrix. (Exhibit B)

16.     According to the Certificate of Service attached hereto as Exhibit A, the Defendant Chase was served electronically at the following addresses:

      A.     Chase.com     Chase, P.O. Box 52195, Phoenix, AZ 85072-2195

      B.     Chase.com     Chase, P.O. Box 15583, Wilmington, DE 19886-1194

      C.     Chase.com     Chase NA, 4915 Independence Parkway, Tampa, FL 33634-7518

17.     According to the Certificate of Service attached hereto as Exhibit A, the Defendant PRA was served via U.S. Mail at the following addresses:

      A.     120 Corporate Blvd., Ste 100, Norfolk, VA 23502-4962

      B.     P.O. Box 12914, Norfolk, VA 23541-0914

      C.     120 Corporate Blvd., Ste 1, Norfolk, VA 23502-4962

18.     According to the Certificate of Service attached hereto as Exhibit A, the Defendant Target was served electronically at: WTRRNBANK.COM TNB-VISA, 3701 Wayzata Blvd., Minneapolis, MN 55416-3401

19.     The 341(a) meeting of creditors was held in Fort Myers, Florida on January 30, 2007.

20.     The Plaintiffs' Chapter 7 schedules filed on or about November 17, 2006 included a debt owed to the Defendant Chase in the amount of $6468.00 for an account ending in 0394.

21.     The Plaintiffs' Chapter 7 schedules filed on or about November 17, 2006 included a debt owed to the Defendant PRA in the amount of $7145.00 for an account ending in 9586.

22.     The Plaintiffs' Chapter 7 schedules filed on or about November 17, 2006 included a debt owed to the Defendant Target for an unknown amount.

23.     On or about March 13, 2007 the Plaintiff received a Discharge in her Chapter 7 bankruptcy case. (Exhibit C).

24.     On or about March 15, 2007 each of the Defendants received notice of the Plaintiffs Discharge of her Chapter 7 bankruptcy case. (Exhibit C).

25.     On or about June 20, 2007 the Honorable Alexander Paskay issued a Final Decree in the Plaintiffs Chapter 7 bankruptcy case. (Exhibit D).

26.     The Defendant PRA has continued to report a debt owed to Portfolio Recovery on the subject account as a "COLLECTION ACCOUNT" on the Plaintiffs' public credit files as indicated on consumer credit report secured by the Plaintiffs from Equifax Credit Information Services.  This report states that the discharged debt to the Defendant PRA has a current past due balance of $7,182.

27.     The Defendant Target has continued to report a debt owed to TNB-VISA on the subject account as a "CHARGED OFF ACCOUNT" on the Plaintiffs' public credit files as indicated on consumer credit report secured by the Plaintiffs from Equifax Credit Information Services.  This report states that the discharged debt to the Defendant Target has a current past due balance of $6,949.

28.     The Defendant Chase has continued to report a debt owed to Chase NA on the subject account as a "CHARGED OFF ACCOUNT" on the Plaintiffs' public credit files as indicated on consumer credit report secured by the Plaintiffs from Equifax Credit Information Services.  This report states that the discharged debt to the Defendant Target has a current balance of $6,468.

29.     The Plaintiff, who has been unable to secure new credit due to this erroneous negative credit history, eventually took this matter up with their Chapter 7 attorney, Carmen Dellutri.

30.     The Plaintiff has disputed the erroneous reports in writing on multiple occasions and the Defendants continue to report the debts as owed.

31.     The Plaintiffs aver that at all times relevant to the allegations herein:

A.   The Defendants have substantially frustrated the discharge order entered in this case and their conduct constitutes gross violations of the discharge injunction as provided by Section 524 of Title 11 of the United States Code and further have caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code;

B.   The Defendants knew and in fact had actual knowledge that the Plaintiff was previously involved in bankruptcy and were therefore protected from any direct or indirect collection acts whatsoever by virtue of the Discharge Injunction provided for by Section 524 of Title 11 of the United States Code and notwithstanding such knowledge willfully failed to withdraw their erroneous credit information within the statutory time allowed by the Fair Credit Reporting Act (15 USC 1681s);

C.   The Defendants at all times relevant to the allegations in this complaint knew that the Plaintiff was represented by an attorney in connection with their bankruptcy filing and that the underlying debt owed by the Plaintiff was in fact a "consumer debt" as that term is defined by applicable Federal and State statutes;

D.   The Defendants intentionally failed to correct the erroneous credit information in an effort to indirectly collect a discharged debt from the Plaintiffs in direct violation of the specific

4

provisions of Section 1681s of Title 15 of the United States Code, commonly known as the Fair Credit Reporting Act, in violation of the applicable provisions of Florida Statutes, commonly known as the Unfair and Deceptive Act and Practices laws, in violation of the Florida Consumer Collections Practices Act, and in violation of Section 1692 of Title 15 of the United States Code, commonly known as the Fair Debt Collections Practices Act;

32.     The Plaintiffs allege that the violations of the non-bankruptcy laws justify and enhance the necessity for the award of substantial and significant punitive damages in this case.

33.     The Plaintiffs are informed and believe and therefore allege that as a result of these allegations they are entitled to the recovery of actual damages, including emotional distress, punitive damages, statutory damages, legal fees and expenses.

34.     The Plaintiffs allege that they have engaged in numerous meetings with their attorney and members of his staff about this matter.

35.     The Plaintiff is informed and believe and therefore allege that the Defendants had an affirmative duty under *Nelson v Chase Manhattan Mortgage Corp., 282 F.3d 1057 (9th Cir. 2002)* to conduct a proper reinvestigation and to correct all erroneous consumer credit information after receiving notice of the order of discharge entered on March 13, 2007. The Plaintiff alleges that the Defendants willfully, intentionally and without any just cause failed to comply with this duty. The Plaintiff alleges that the receipt of the order of discharge constituted the receipt of a dispute with regard to the completeness and accuracy of the pre-bankruptcy information in their consumer credit reports as provided for by Section 1681i(a)(2) of Title 15 of the United States Code.

36.     The Plaintiff also alleges that the Defendants failed to cause the consumer credit reports of the Plaintiff to be amended so as to list all debts discharged in bankruptcy has having a "0" credit balance. The Plaintiff alleges that the Official Staff Commentary to Section 607 of the Fair Credit Reporting Act provides as follows: "A consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

37.     The Plaintiff alleges that the issuance of the discharge order by this Court and the receipt of the same by Equifax, Experian and TransUnion and the Defendants, constituted the initiation of a dispute pursuant to Section 1681i of Title 15 of the United States Code.

## FIRST CLAIM- VIOLATION OF FAIR CREDIT REPORTING ACT

38.     The Plaintiff sues Defendant Chase and re-alleges and incorporates the allegations in paragraphs 1 through 37 as though specifically plead herein, and she further alleges the following:

39.     The Plaintiff avers that as a result of the unlawful actions of the Defendant Chase, as alleged herein she has been required to devote countless and unnecessary hours to seek to correct the erroneous information on their consumer credit report. The Plaintiff further alleges that upon receipt

of the Discharge Order and subsequent written notices in this case the Defendant Chase was under a statutory duty to correct, update previously reported information determined to be incomplete or in accurate, and to report as disputed any information known to be disputed by the Plaintiff.  The Plaintiff further alleges that the receipt of the Discharge Order and subsequent written requests in this case constituted notice pursuant to Section 1681i(a)(2) of Title 15 of the United States Code (the Fair Credit Reporting Act) that all debts previously reported as owed were no longer accurate and should be thereafter reported as having a "0" balance.

40.     The Plaintiff also avers that they have constantly worried about this situation and have feared that the Defendants had some improper motive for the improper credit reporting.

41.     The Plaintiff alleges that as a result of the willful and intentional violations of this statute they are entitled to the recovery of actual damages, statutory damages, costs and legal fees.

### SECOND CLAIM- VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

42.     The Plaintiff sues the Defendant Chase for damages, and incorporates paragraphs 1 through 41, as though specifically plead herein, and she further alleges the following:

43.     The alleged violations of Florida Statue §559.55 et seq., by the Defendant Chase, in this Count of the Plaintiff's complaint, occurred in Lee County, Florida.

44.     The Defendant Chase authorized and/or facilitated against the Plaintiff an attempt to directly or indirectly collect a debt from the Plaintiff when they either knew or should have known that the alleged debt was included in the Debtor/Plaintiff's bankruptcy proceeding.

45.     The Defendant Chase had a duty to verify that the alleged debt was, in fact, a valid consumer debt prior to authorizing an attempt and/or continuation of an attempt to directly or indirectly collect the debt.

46.     The Defendant Chase either breached their duty to verify that the authenticity of the alleged consumer debt and/or failed to review the account history of the alleged consumer debt.

47.     The Defendant Chase violated Florida Statute § 559.72 by intentionally attempting to directly or indirectly collect on this alleged consumer debt, when they either specifically knew or should have known that the Plaintiff had included the debt in their bankruptcy petitions.

48.     As a direct and proximate result of the Defendant Chase's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.

49.     The Plaintiff has incurred costs, expenses and reasonable attorney's fees which would

not have been incurred by the Plaintiff but for the violation of Florida Statute § 559.72. Accordingly, the Plaintiff seeks actual damages, statutory damages, punitive damages, reasonable attorney's fees and costs pursuant to Florida Statute §559.77.

## THIRD CLAIM- VIOLATION OF FDUTPA

50.   The Plaintiff sues Defendant Chase and re-alleges and incorporates the allegations in paragraphs 1 through 49 as though specifically plead herein, and she further alleges the following:

51.   At all material times hereto, Chapter 501, Fla. Stat., "Florida's Deceptive and Unfair Trade Practices Act" was in full force and effect.

52.   At all material times hereto, this Act provides that unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

53.   At all material times hereto, Fla. Stat. § 501.203(3) provides that a violation of (c)"any law [or] statute . . . which proscribes . . . unfair or deceptive acts or practices" constitutes a violation of FDUTPA.

54.   At all material times hereto, Defendant Chase's violations of Florida Statute § 559.72 constitute unfair, deceptive or unconscionable acts or practices within the meaning of Florida Statute §501.203(3) and also constitute a violation of FDUTPA.

55.   At all material times hereto, Fla. Stat. § 501.211(2) provides that a consumer who has suffered a loss as a result of a violation of the FDUTPA may recover actual damages plus attorney's fees and costs.

56.   At all material times hereto, the Plaintiff was and is a consumer who has suffered a loss as a result of the Defendant Chase's violations of the FDUTPA and is a person whose interest this statute was designed to protect.

57.   As a direct and proximate result of the Defendant Chase's violations of the FDUTPA, the Plaintiff has sustained compensatory damages as described more particularly above, and she has had to hire an attorney for the vindication of her rights and has become obligated to pay her attorney a reasonable fee and costs of litigation for his services.

## FOURTH CLAIM- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

58.   The Plaintiff sues Defendant Chase and re-alleges and incorporates the allegations in paragraphs 1 through 57 as though specifically plead herein, and she further alleges the following:

59.   The actions and conduct of the Defendant Chase in this case constitute unfair and deceptive acts and practices in violation of the provisions of Fair Debt Collection Practices Act.  The

Plaintiff specifically alleges that the unfair acts and practice of the Defendant Chase arose out of their willful refusal to amend, modify and correct the erroneous reporting of credit information months after entry of the Order of Discharge and out of their breach of the affirmative duty to report a zero balance owed on the Plaintiffs' account.

60.     The Plaintiff alleges that the actions of the Defendant Chase was intentional and designed to coerce the Plaintiffs into paying a debt that had been discharged in bankruptcy in order to "clear" the negative information from their credit history.

61.     As a result of the unfair acts and deceptive practices of the Defendant Chase, the Plaintiff is entitled to the recovery of actual damages, statutory damages, legal fees and expenses.

## FIFTH CLAIM- VIOLATION OF THE DISCHARGE INJUNCTION

62.     The Plaintiff sues Defendant Chase and re-alleges and incorporates the allegations in paragraphs 1 through 61 as though specifically plead herein, and she further alleges the following:

63.     The Plaintiff alleges that the conduct of the Defendant Chase in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

64.     The Plaintiff also alleges that in order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendant Chase pursuant to the provisions of Section 105 of the Code.

65.     The Plaintiffs further allege that in order to protect the Debtors who have completed their Chapter 7 case and secured a full discharge thereunder this Court must impose sanctions against the Defendant Chase for their misconduct in this case.

## SIXTH CLAIM- VIOLATION OF THE FAIR CREDIT BILLING ACT

66      The Plaintiff sues Defendant Chase and re-alleges and incorporates the allegations in paragraphs 1 through 65 as though specifically plead herein, and she further alleges the following:

67.     The Plaintiff alleges that as a result of the allegations herein the Defendant Chase has failed to comply with the applicable provisions of the Fair Credit Billing Act.

68.     The Plaintiff believes and therefore alleges that the Defendant Chase has failed to institute any reasonable investigation about the disputed information on the consumer credit report of the Plaintiff and has improperly and unlawfully failed to correct such erroneous information.

69.     As a result, the Plaintiff avers that she is entitled to the recovery of actual damages, punitive damages and legal fees.

## SEVENTH CLAIM- VIOLATION OF FAIR CREDIT REPORTING ACT

70.     The Plaintiff sues Defendant PRA and re-alleges and incorporates the allegations in paragraphs 1 through 37 as though specifically plead herein, and she further alleges the following:

71.     The Plaintiff avers that as a result of the unlawful actions of the Defendant PRA as alleged herein they have been required to devote countless and unnecessary hours to seek to correct the erroneous information on their consumer credit report.  The Plaintiff further alleges that upon receipt of the Discharge Order and subsequent written notices in this case the Defendant PRA was under a statutory duty to correct, update previously reported information determined to be incomplete or in accurate, and to report as disputed any information known to be disputed by the Plaintiff.  The Plaintiff further alleges that the receipt of the Discharge Order and subsequent written requests in this case constituted notice pursuant to Section 1681i(a)(2) of Title 15 of the United States Code (the Fair Credit Reporting Act) that all debts previously reported as owed were no longer accurate and should be thereafter reported as having a "0" balance.

72.     The Plaintiff also avers that they have constantly worried about this situation and have feared that the Defendant PRA had some improper motive for the improper credit reporting.

73.     The Plaintiff alleges that as a result of the willful and intentional violations of this statute she is entitled to the recovery of actual damages, statutory damages, costs and legal fees.

## EIGHTH CLAIM- VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

74.     The Plaintiff sues the Defendant PRA for damages, and incorporates paragraphs 1 through 37 and 70 through 73, as though specifically plead herein, and she further alleges the following:

75.     The alleged violations of Florida Statue §559.55 et seq., by the Defendant PRA, in this Count of the Plaintiff's complaint, occurred in Lee County, Florida.

76.     The Defendant PRA authorized and/or facilitated against the Plaintiff an attempt to directly or indirectly collect a debt from the Plaintiff when they either knew or should have known that the alleged debt was included in the Debtor/Plaintiff's bankruptcy proceeding.

77.      The Defendant PRA had a duty to verify that the alleged debt was, in fact, a valid consumer debt prior to authorizing an attempt and/or continuation of an attempt to directly or indirectly collect the debt.

78.     The Defendant PRA either breached their duty to verify that the authenticity of the alleged consumer debt and/or failed to review the account history of the alleged consumer debt.

79.     The Defendant PRA violated Florida Statute § 559.72 by intentionally attempting to directly or indirectly collect on this alleged consumer debt when they either specifically knew or should have known that the Plaintiff had included the debt in their bankruptcy petitions.

80.     As a direct and proximate result of the Defendant PRA's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.

81.     The Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred by the Plaintiff but for the violation of Florida Statute § 559.72. Accordingly, the Plaintiff seeks actual damages, statutory damages, punitive damages, reasonable attorney's fees and costs pursuant to Florida Statute §559.77.

## NINTH CLAIM- VIOLATION OF FDUTPA

82.     The Plaintiff sues Defendant PRA and re-alleges and incorporates the allegations in paragraphs 1 through 37 and 70 through 81 as though specifically plead herein, and she further alleges the following:

83.     At all material times hereto, Chapter 501, Fla. Stat., "Florida's Deceptive and Unfair Trade Practices Act" was in full force and effect.

84.     At all material times hereto, this Act provides that unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

85.      At all material times hereto, Fla. Stat. § 501.203(3) provides that a violation of (c)"any law [or] statute . . . which proscribes . . . unfair or deceptive acts or practices" constitutes a violation of FDUTPA.

86.     At all material times hereto, Defendant PRA's violations of Florida Statute § 559.72 constitute unfair, deceptive or unconscionable acts or practices within the meaning of Florida Statute §501.203(3) and also constitute a violation of FDUTPA.

87.     At all material times hereto, Fla. Stat. § 501.211(2) provides that a consumer who has suffered a loss as a result of a violation of the FDUTPA may recover actual damages plus attorney's fees and costs.

88.     At all material times hereto, the Plaintiff was and is a consumer who has suffered a loss as a result of the Defendant PRA's violations of the FDUTPA and is a person whose interest this statute was designed to protect.

89.      As a direct and proximate result of the Defendant PRA's violations of the FDUTPA, the Plaintiff has sustained compensatory damages as described more particularly above, and she has

had to hire an attorney for the vindication of her rights and has become obligated to pay her attorney a reasonable fee and costs of litigation for his services.

## TENTH CLAIM- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

90.     The Plaintiff sues Defendant PRA and re-alleges and incorporates the allegations in paragraphs 1 through 37 and 70 through 89 as though specifically plead herein, and she further alleges the following:

91.     The actions and conduct of the Defendant PRA in this case constitute unfair and deceptive acts and practices in violation of the provisions of Fair Debt Collection Practices Act.  The Plaintiff specifically alleges that the unfair acts and practice of the Defendant PRA arose out of their willful refusal to amend, modify and correct the erroneous reporting of credit information months after entry of the Order of Discharge and out of their breach of the affirmative duty to report a zero balance owed on the Plaintiffs' account.

92.     The Plaintiff alleges that the actions of the Defendant PRA was intentional and designed to coerce the Plaintiff into paying a debt that had been discharged in bankruptcy in order to "clear" the negative information from their credit history.

93.     As a result of the unfair acts and deceptive practices of the Defendant PRA, the Plaintiff is entitled to the recovery of actual damages, statutory damages, legal fees and expenses.

## ELEVENTH CLAIM- VIOLATION OF THE DISCHARGE INJUNCTION

94.     The Plaintiff sues Defendant PRA and re-alleges and incorporates the allegations in paragraphs 1 through 37 and 70 through 93 as though specifically plead herein, and she further alleges the following:

95.     The Plaintiff alleges that the conduct of the Defendant PRA in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

96.     The Plaintiff also alleges that in order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendant PRA pursuant to the provisions of Section 105 of the Code.

97.     The Plaintiffs further allege that in order to protect the Debtors who have completed their Chapter 7 case and secured a full discharge thereunder this Court must impose sanctions against the Defendant Chase for their misconduct in this case.

## TWELFTH CLAIM- VIOLATION OF THE FAIR CREDIT BILLING ACT

11

98.     The Plaintiff sues Defendant PRA and re-alleges and incorporates the allegations in paragraphs 1 through 37 and 70 through 97 as though specifically plead herein, and she further alleges the following:

99.     The Plaintiff alleges that as a result of the allegations herein the Defendant PRA has failed to comply with the applicable provisions of the Fair Credit Billing Act.

100.    The Plaintiff believes and therefore alleges that the Defendant PRA has failed to institute any reasonable investigation about the disputed information on the consumer credit report of the Plaintiff and has improperly and unlawfully failed to correct such erroneous information.

101.    As a result, the Plaintiff avers that she is entitled to the recovery of actual damages, punitive damages and legal fees.

## THIRTEENTH CLAIM- VIOLATION OF FAIR CREDIT REPORTING ACT

102.    The Plaintiff sues Defendant Target and re-alleges and incorporates the allegations in paragraphs 1 through 37 as though specifically plead herein, and she further alleges the following:

103.    The Plaintiff avers that as a result of the unlawful actions of the Defendant Target as alleged herein they have been required to devote countless and unnecessary hours to seek to correct the erroneous information on their consumer credit report.  The Plaintiff further alleges that upon receipt of the Discharge Order and subsequent written notices in this case the Defendant Target was under a statutory duty to correct, update previously reported information determined to be incomplete or in accurate, and to report as disputed any information known to be disputed by the Plaintiff.  The Plaintiff further alleges that the receipt of the Discharge Order and subsequent written requests in this case constituted notice pursuant to Section 1681i(a)(2) of Title 15 of the United States Code (the Fair Credit Reporting Act) that all debts previously reported as owed were no longer accurate and should be thereafter reported as having a "0" balance.

104.    The Plaintiff also avers that they have constantly worried about this situation and have feared that the Defendant Target had some improper motive for the improper credit reporting.

105.    The Plaintiff alleges that as a result of the willful and intentional violations of this statute she is entitled to the recovery of actual damages, statutory damages, costs and legal fees.

## FOURTEENTH CLAIM- VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

106.    The Plaintiff sues the Defendant PRA for damages, and incorporates paragraphs 1 through 37 and 102 through 105, as though specifically plead herein, and she further alleges the following:

12

107.    The alleged violations of Florida Statue §559.55 et seq., by the Defendant Target, in this Count of the Plaintiff's complaint, occurred in Lee County, Florida.

108.    The Defendant Target authorized and/or facilitated against the Plaintiff an attempt to directly or indirectly collect a debt from the Plaintiff when they either knew or should have known that the alleged debt was included in the Debtor/Plaintiff's bankruptcy proceeding.

109.    The Defendant Target had a duty to verify that the alleged debt was, in fact, a valid consumer debt prior to authorizing an attempt and/or continuation of an attempt to directly or indirectly collect the debt.

110.    The Defendant Target either breached their duty to verify that the authenticity of the alleged consumer debt and/or failed to review the account history of the alleged consumer debt.

111.    The Defendant Target violated Florida Statute § 559.72 by intentionally attempting to directly or indirectly collect on this alleged consumer debt when they either specifically knew or should have known that the Plaintiff had included the debt in their bankruptcy petitions.

112.    As a direct and proximate result of the Defendant Target's actions in violation of said statute, the Plaintiff has suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression. The Plaintiff continues to be fearful, anxious, nervous and depressed.

113.    The Plaintiff has incurred costs, expenses and reasonable attorney's fees which would not have been incurred by the Plaintiff but for the violation of Florida Statute § 559.72. Accordingly, the Plaintiff seeks actual damages, statutory damages, punitive damages, reasonable attorney's fees and costs pursuant to Florida Statute §559.77.

## FIFTEENTH CLAIM- VIOLATION OF FDUTPA

114.    The Plaintiff sues Defendant Target and re-alleges and incorporates the allegations in paragraphs 1 through 37 and 102 through 113 as though specifically plead herein, and she further alleges the following:

115.    At all material times hereto, Chapter 501, Fla. Stat., "Florida's Deceptive and Unfair Trade Practices Act" was in full force and effect.

116.    At all material times hereto, this Act provides that unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

117.    At all material times hereto, Fla. Stat. § 501.203(3) provides that a violation of (c)"any law [or] statute . . . which proscribes . . . unfair or deceptive acts or practices" constitutes a violation of FDUTPA.

118.    At all material times hereto, Defendant Target's violations of Florida Statute § 559.72 constitute unfair, deceptive or unconscionable acts or practices within the meaning of Florida Statute §501.203(3) and also constitute a violation of FDUTPA.

119.    At all material times hereto, Fla. Stat. § 501.211(2) provides that a consumer who has suffered a loss as a result of a violation of the FDUTPA may recover actual damages plus attorney's fees and costs.

120.    At all material times hereto, the Plaintiff was and is a consumer who has suffered a loss as a result of the Defendant PRA's violations of the FDUTPA and is a person whose interest this statute was designed to protect.

121.    As a direct and proximate result of the Defendant Target's violations of the FDUTPA, the Plaintiff has sustained compensatory damages as described more particularly above, and she has had to hire an attorney for the vindication of her rights and has become obligated to pay her attorney a reasonable fee and costs of litigation for his services.

## SIXTEENTH CLAIM- VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

122.    The Plaintiff sues Defendant Target and re-alleges and incorporates the allegations in paragraphs 1 through 37 and 102 through 121 as though specifically plead herein, and she further alleges the following:

123.    The actions and conduct of the Defendant Target in this case constitute unfair and deceptive acts and practices in violation of the provisions of Fair Debt Collection Practices Act.  The Plaintiff specifically alleges that the unfair acts and practice of the Defendant Target arose out of their willful refusal to amend, modify and correct the erroneous reporting of credit information months after entry of the Order of Discharge and out of their breach of the affirmative duty to report a zero balance owed on the Plaintiffs' account.

124.    The Plaintiff alleges that the actions of the Defendant Target was intentional and designed to coerce the Plaintiff into paying a debt that had been discharged in bankruptcy in order to "clear" the negative information from their credit history.

125.    As a result of the unfair acts and deceptive practices of the Defendant Target, the Plaintiff is entitled to the recovery of actual damages, statutory damages, legal fees and expenses.

## SEVENTEENTH CLAIM- VIOLATION OF THE DISCHARGE INJUNCTION

126.    The Plaintiff sues Defendant Target and re-alleges and incorporates the allegations in paragraphs 1 through 37 and 102 through 125 as though specifically plead herein, and she further alleges the following:

127.    The Plaintiff alleges that the conduct of the Defendant Target in this case has substantially frustrated the discharge order entered in this case and has caused the Plaintiff unwarranted and unnecessary time, effort and expense in seeking to enforce rights guaranteed by the Bankruptcy Code.

128.    The Plaintiff also alleges that in order to carry out the provision of the Code and to maintain its integrity this Court must impose actual damages, punitive damages and legal fees against the Defendant Target pursuant to the provisions of Section 105 of the Code.

129.    The Plaintiffs further allege that in order to protect the Debtors who have completed their Chapter 7 case and secured a full discharge thereunder this Court must impose sanctions against the Defendant Chase for their misconduct in this case.

### EIGHTEENTH CLAIM- VIOLATION OF THE FAIR CREDIT BILLING ACT

130.    The Plaintiff sues Defendant Target and re-alleges and incorporates the allegations in paragraphs 1 through 37 and 102 through 130 as though specifically plead herein, and she further alleges the following:

131.    The Plaintiff alleges that as a result of the allegations herein the Defendant Target has failed to comply with the applicable provisions of the Fair Credit Billing Act.

132.    The Plaintiff believes and therefore alleges that the Defendant Target has failed to institute any reasonable investigation about the disputed information on the consumer credit report of the Plaintiff and has improperly and unlawfully failed to correct such erroneous information.

133.    As a result, the Plaintiff avers that she is entitled to the recovery of actual damages, punitive damages and legal fees.

**WHEREFORE,** the Plaintiffs having set forth their claims for relief against the Defendants respectfully pray of the Court as follows:

A.    That the Plaintiffs have and recover against the Defendants a sum in excess of $5,000.00 in the form of actual damages;

B.    That the Plaintiffs have and recover against the Defendants a sum in excess of $5,000.00 in the form of punitive damages;

C.    That the Plaintiffs have and recover against the Defendants all reasonable legal fees and expenses incurred by their attorney;

D.    That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Date this the 14th day of February 2008.


  /s/ CARMEN DELLUTRI
Carmen Dellutri, Esq.  FBN 0044385
The Dellutri Law Group, P.A.
Attorney for the Plaintiff
1436 Royal Palm Square Boulevard
Fort Myers, Florida  33919
Phone (239) 939-0900/ Fax (239) 939-0588
E-mail: cdellutri@dellutrilawgroup.com

16